Nathan B. Sobel, J.
This case was tried without a jury.
Defendant was charged in a four-count indictment with (1) possession of a machine gun; (2) possession of a hand grenade; (3) possession of a pistol without a license; (4) possession of a revolver without a license.
Defendant and or corporations of which he was an officer had for many years maintained a sporting goods and firearms store in this county. For years he or one of the corporations had been licensed as a “ second hand dealer in second hand firearms. ’ ’ He had at one time a 1 ‘ gunsmith license ’ ’ and a ‘ ‘ dealer in firearms license ’ ’ both of which had expired. (Penal Law, § 1914.)
On February 4, 1958, police and Federal officers descended on his place of business without a search warrant or warrant of arrest. The premises were marked “ closed for alterations —use first floor office.” The testimony is that the premises were closed and out of business since October, 1957. They found on the premises two machine guns, a hand grenade, a dismantled pistol and a dismantled revolver. There is no contention that this defendant was or ever had been engaged in any unlawful activities or had sold machine guns or firearms to unauthorized persons. He or his corporations had been in business for many years.
*1040 No problem is presented with respect to the 2d, 3d or 4th count. The defendant established by the preponderance of the testimony that the hand grenade was a souvenir with the powder extracted; that the pistol and revolver were dismantled and were being repaired as a courtesy to two persons authorized to possess same. The People have failed to establish the defendant’s guilt on these counts as required by law.
The defendant admitted purchasing on behalf of the corporation the two machine guns in question. He testifies they were part of a large lot purchased from Service Armaments Company of Pagoda, New Jersey. He contends that they were purchased as deactivated machine guns. The People’s testimony establishes, however, that they could be fired by anyone possessing the proper sized bullets.
Subdivision 1-a of section 1897 of the Penal Law (as added by L. 1931, ch. 792) states — “A person who possesses * * * such machine-gun is guilty of a felony.” But another sentence of the same subdivision states — “ This subdivision shall not apply to possession of a machine-gun as authorized by the preceding section.”
Section 1896, the preceding section, was also amended by chapter 792 of the Laws of 1931. The amendment added the following provision with respect to machine guns. ‘ ‘ A person who sells or keeps for sale, or offers, or gives, or disposes of any instrument or weapon of the kind usually known as a machine-gun to any person is guilty of a felony, except that the manufacture of machine-guns as merchandise and the sale and shipment thereof direct to regularly constituted or appointed state or municipal police departments # * * and to military and naval organizations shall be lawful.”
The 1931 statute was a recommendation of the Baumes Commission. A search of the commission’s reports fails to disclose anything helpful.
But the legislative intent is clear. In 1931, the Legislature, by section 1896, prohibited the sale of machine guns except to police and military. By section 1896, the possession of machine guns was made unlawful. But the Legislature recognized that possession during manufacture and for the purpose of sale to police and military must be excepted. That is what was done by the machine gun provisions in sections 1896 and 1897. Possession for such purposes was made “lawful.”
In New York State there is no provision requiring a license to manufacture, repair or sell machine guns lawfully such as is required by section 1914 of the Penal Law with respect to sale of weapons of a size which may be carried on the person.
*1041 I could perhaps in another case find from circumstances surrounding possession of a machine gun that such possession was not for lawful sale. But when, as in the instant case, the defendant has for many years been a dealer in all kinds of firearms and weapons, the burden is upon the People to establish not only possession but also that the possession was not for the purpose of sale to lawful authorities. There is no proof in the record on that score. I rule that the People have failed to establish the guilt of the defendant beyond a reasonable doubt.
The verdict is “ Not Guilty ” on all counts of the indictment. Defendant is discharged. Bail is exonerated.